IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| HORACE RICHARDS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 316-001 |
| | ) |
| STACEY N. STONE, Warden, | ) |
| | ) |
| Respondent. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, a federal inmate currently incarcerated at McRae Correctional Facility in McRae, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2241. As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing a response to the instant petition. 28 U.S.C. § 2243. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED** and this civil action **CLOSED**.

**I.     BACKGROUND**

After being named with twenty-six other defendants in a twenty-three count indictment returned in the United States District Court for the District of Connecticut, Petitioner pleaded guilty to one count of conspiracy to distribute 1,000 kilograms or more of marijuana. United States v. Richards, 3:99-cr-00266, doc. nos. 17, 605, 822 (D. Conn. Nov. 17, 1999) (hereinafter "CR 399-266"); see also doc. no. 1, p. 2. United States District Judge

Robert N. Chatigny sentenced Petitioner to 262 months of imprisonment and ten years of supervised release. CR 399-266, doc. no. 822; see also doc. no. 1, pp. 1-2. Petitioner asserts he was sentenced as a career offender under §4B1.1(b) of the Sentencing Guidelines based on two prior convictions, one for a violation of the Controlled Substance Act and one for an unidentified crime which was considered a violent felony. (Doc. no. 1, p. 2.) The Second Circuit Court of Appeals affirmed Petitioner's conviction and sentence. CR 399-266, doc. no. 955.

On April 2, 2003, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging several grounds of ineffective assistance of counsel relating to the voluntariness of his guilty plea and the drug quantity used for sentencing. Id., doc. no. 1018. Judge Chatigny denied the motion. Id., doc. no. 1061. In 2014, Petitioner filed for a reduction of sentence pursuant to 18 U.S.C. § 3582 based on a retroactive application of Amendment 782, which lowered the Guidelines range for certain drug offenses. Id., doc. no. 1086. The government opposed Petitioner's request for reduction, explaining that because Petitioner was sentenced as a "career offender based on his prior convictions for other drug trafficking offenses" under a separate section of the Guidelines not impacted by Amendment 782, he was not entitled to relief. Id., doc. no. 1093, pp. 4-5. Judge Chatigny denied the request for a sentence reduction. Id., doc. no. 1094.

On January 4, 2016, the Clerk filed the instant § 2241 petition, entitled "Motion for Correction of Sentence Under 28 U.S.C. § 2241 or § 2255(e)," in which Petitioner asserts the decision in Johnson v. United States, 135 S. Ct. 2551 (2015), entitles him to be resentenced. (Doc. no. 1, pp. 4-6.) In particular, Petitioner argues that that the language of the residual

2

clause in the Armed Career Criminal Act ("ACCA") invalidated by the Supreme Court is the same as the language of § 4B1.2(a) of the Guidelines which was used to determine he was a "career offender," and thus he was improperly sentenced. The now unconstitutional "residual clause" of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In support of his position, Petitioner cites to cases on direct appeal involving § 4B1.1 which have been remanded for consideration of resentencing in light of the Johnson decision.[1] See, e.g., United States v. Maldonado, 135 S. Ct. 2929 (2015). Petitioner also argues that the two convictions used to support his career offender status under the Guidelines should have been treated as a single conviction, thereby excluding him completely from career offender status under the Guidelines. (Doc. no. 1, pp. 6-7.)

## II. DISCUSSION

The primary purpose of a § 2241 petition is to provide the means for a prisoner to challenge the execution of his sentence. Here, Petitioner challenges the validity of his sentence, not its execution, as he claims that a change in the law and an error by the sentencing court in grouping his prior offenses resulted in an erroneous sentence. Because Petitioner does not meet the requirements for invoking the savings clause under 28 U.S.C. § 2255(e), his petition must be dismissed.

---

[1] Sections 4B1.1 and 4B1.2 of the Guidelines are read in conjunction to define, and set sentencing ranges for, "career offenders."

3

"Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005); see also Jones v. Warden, FCC Coleman-Medium, 520 F. App'x 942, 944 (11th Cir. 2013). A federal prisoner may only resort to § 2241 to challenge the validity of his conviction or sentence upon a showing that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner has the burden of establishing he is entitled to proceed under the savings clause. Harris v. Warden, 801 F.3d 1321, 1323 (11th Cir. 2015).

The filing of a previous § 2255 motion does not allow a petitioner to proceed under the savings clause. Id. at 1324. Indeed, the Eleventh Circuit has stated, "The existence of the statutory bar on second and successive motion cannot mean that § 2255 is 'inadequate or ineffective' to test the legality of [a petitioner]'s detention within the meaning of the savings clause. If it did, the savings clause would eviscerate the second or successive motions bar."[2] Gilbert v. United States, 640 F.3d 1293, 1308 (11th Cir. 2011) (*en banc*). Rather, a petitioner seeking to invoke the savings clause must meet tightly circumscribed requirements.

Indeed, the long and tortured history of the application of the savings clause, as well as the particularity of the factual circumstances in which it may be properly invoked, was

---

[2]Similarly, "simply because a defendant faces a procedural bar in his first § 2255 motion—such as a limitations period or procedural default—this also does not render the first § 2255 motion inadequate or ineffective." Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1272 (11th Cir. 2013).

extensively reviewed in Bryant.³ 738 F.3d at 1262-74 (synthesizing Eleventh Circuit savings clause tests and enumerating five-part test for applying savings clause in the context of challenge to enhanced sentence under ACCA). Although the factual circumstances under which the savings clause applies may at times be murky, it is clear that a prisoner may not use the savings clause to circumvent the requirements for filing § 2255 motions. See Harris, 801 F.3d at 1323-25.

In the instant case, Petitioner offers no explanation as to why he has not attempted to obtain permission from the Second Circuit Court of Appeals to file a second or successive § 2255 motion to attack the validity of his sentence. Section 2255(h) allows that a second or successive motion may be certified by the appropriate court of appeals if it contains "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Petitioner asserts the Johnson decision allows him to now make an argument that was not previously available to him when he filed his first § 2255 motion. Petitioner's failure to apply to the Second Circuit Court of Appeals is particularly puzzling because unlike the Eleventh Circuit, the Second Circuit has authorized successive § 2255 motions based on the Johnson decision. Compare In re Rivero, 797 F.3d 986, 989 (11th Cir. 2015) (denying permission to file successive § 2255 motion based on Johnson) with In re Rivera, No. 13-4654, ECF No. 44 (2d Cir. Oct. 5, 2015) (granting

---

³The Court is aware that in Bryant, the Eleventh Circuit did not reach its decision in the exact factual context as this case, *i.e.*, where a § 2241 petition is filed in this circuit but the petitioner was originally sentenced and filed his first § 2255 motion in another circuit. Id. at n.16. This distinction does not change the analysis that Petitioner may not use a § 2241 petition to circumvent the gate keeping provisions of § 2255.

5

application to file successive § 2255 motion, resulting in next-day relief granted upon transmission to district court).

Regardless of whether a court of appeals will actually certify a successive § 2255 motion, § 2255 is adequate to test the legality of Petitioner's sentence. Williams, 801 F.3d at 1324. Petitioner's arguments amount to a claim that his "sentence was imposed in violation of the Constitution or laws of the United States," an assertion that falls "squarely within § 2255's ambit."[4]  Id.  Thus, the § 2241 petition filed with this Court should be dismissed because the savings clause does not apply, and the Court has no jurisdiction to consider it. See id. at 1325.

## III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED** and this civil action **CLOSED**.

SO REPORTED and RECOMMENDED this 15th day of January, 2016, at Augusta, Georgia.

*(signature)*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[4]Petitioner offers Johnson as the reason why he did not raise his first claim in his prior § 2255 motion, but he offers absolutely no reason why he did not, or could not, raise his argument about the grouping of prior offenses in his first § 2255 motion.