IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| HORACE RICHARDS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 316-001 |
| | ) | |
| STACEY N. STONE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

Petitioner commenced this case by filing a document entitled "Motion for Correction of Sentence Under 28 U.S.C. § 2241 or § 2255(e)." (Doc. no. 1.) Based on the information in the original filing, on January 15, 2016, the Court entered a Report and Recommendation, ("R&R"), recommending that Petitioner's case be dismissed because Petitioner had not established his eligibility to proceed under § 2241. (See generally doc. no. 3.) Therefore, the Court was without jurisdiction to consider his petition. (See id.) Prompted by this Court's recommendation for dismissal, Petitioner now explains that he applied an improper title to his original filing, thereby leading to a misunderstanding of his claims and his rationale for establishing he is entitled to proceed under the savings clause of 28 U.S.C. § 2255(e). (See generally doc. no. 5.) In light of this new information, and in light of the United States Supreme Court granting certiorari in Welch v. United States, No. 14-15733

(11th Cir. June 9, 2015), *cert. granted* No. 15-6418 (U.S. Jan. 8, 2016), the Court hereby **VACATES** its R&R dated January 15, 2016.[1]

The United States Marshal is hereby directed to serve a copy of the petition, Petitioner's objections to the R&R, and this Order by registered or certified mail upon: (1) the Attorney General of the United States; (2) the named Respondent; and (3) the civil process clerk at the office of the United States Attorney for the Southern District of Georgia. See Fed. R. Civ. P. 4(i).

Respondent is hereby ordered to show cause, in writing, why Petitioner's writ should not be granted by filing a return and response with the Clerk of the U.S. District Court, Post Office Box 1130, Augusta, Georgia 30903, within twenty days of the date of service. The Court expects Respondent will address, as necessary, any issue presented by the circumstance of Petitioner filing a § 2241 petition in the Eleventh Circuit when the sentence he challenges was imposed by a District Court within the Second Circuit. See Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1276 n.16 (11th Cir. 2013).

SO ORDERED this 5th day of February, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] One of the questions presented in Welch asks, "Whether Johnson v. United States, 135 S. Ct. 2551 (2015), announced a new substantive rule of constitutional law that applies retroactively to cases that are on collateral review." Welch, available at http://www.supremecourt.gov, Search Docket No. 15-6418, Follow link for Questions Presented. In Johnson, the Supreme Court found the residual clause of the Armed Career Criminal Act to be void for vagueness and a violation of the Constitution's guarantee of due process. 135 S. Ct. at 2563. Petitioner's main claim for relief in the instant petition is that in light of the Johnson ruling, he is entitled to be resentenced.