IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| HORACE RICHARDS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 316-001 |
| | ) | |
| STACEY N. STONE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, a federal inmate currently incarcerated at McRae Correctional Facility in McRae, Georgia, brings a petition pursuant to 28 U.S.C. § 2241 that is before the Court on Respondent's motion to dismiss. (Doc. no. 12.) Petitioner opposes the motion. (Doc. no. 14.) For the reasons explained below, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**, and this case be **DISMISSED** and **CLOSED**.

I.  **BACKGROUND**

After he was named in a multi-defendant, twenty-three count indictment returned in the United States District Court for the District of Connecticut, Petitioner pleaded guilty to one count of conspiracy to distribute 1,000 kilograms or more of marijuana. United States v. Richards, 3:99-cr-00266, doc. nos. 18, 605, 822 (D. Conn. Nov. 17, 1999) (hereinafter "CR 399-266"); see also doc. no. 1, p. 2; doc. no. 12, Ex. A. United States District Judge Robert

N. Chatigny sentenced Petitioner to 262 months of imprisonment and ten years of supervised release. CR 399-266, doc. no. 822; see also doc. no. 1, pp. 1-2. Judge Chatigny sentenced Petitioner as a career offender under § 4B1.1 of the Sentencing Guidelines based on two prior convictions, one for a violation of the Controlled Substance Act by selling narcotics and one for second degree assault that counted as a violent felony. (Doc. no. 13, filed under seal, PSI ¶¶ 278, 282, 283, 285.) The Second Circuit Court of Appeals affirmed Petitioner's conviction and sentence. CR 399-266, doc. no. 995.

On April 2, 2003, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging several grounds of ineffective assistance of counsel relating to the voluntariness of his guilty plea and the drug quantity calculated for sentencing. Id., doc. no. 1018; doc. no. 12, Ex. I. Judge Chatigny denied the motion. CR 399-266, doc. nos. 1024, 1061; see also doc. no. 12, Ex. J. Judge Chatigny and the Second Circuit Court of Appeals both denied Petitioner a Certificate of Appealability. CR 399-266, doc. nos. 1070, 1075.

On January 4, 2016, the Clerk filed the instant § 2241 petition, entitled "Motion for Correction of Sentence Under 28 U.S.C. § 2241 or § 2255(e)," in which Petitioner asserts the decision in Johnson v. United States, 135 S. Ct. 2551 (2015), entitles him to be resentenced. (Doc. no. 1, pp. 4-6.) Petitioner argues he was improperly sentenced because the residual clause in the Armed Career Criminal Act ("ACCA"), invalidated by the Supreme Court in Johnson, is the same as § 4B1.2(a) of the Guidelines used to determine he was a "career offender." Petitioner also argues that the two convictions used to support his career offender status under the Guidelines should have been treated as a single conviction, thereby

excluding him completely from career offender status under the Guidelines. (Doc. no. 1, pp. 6-7.)

Upon initial review of the petition, the Court recommended dismissal for lack of jurisdiction. (See doc. no. 3.) Petitioner objected, explaining he applied an improper title to his original filing, thereby leading to a misunderstanding of his claims and his rationale for proceeding under the savings clause of 28 U.S.C. § 2255(e). (See generally doc. no. 5.) In light of the new information from Petitioner, and because the United States Supreme Court granted certiorari in Welch v. United States, No. 15-6418 (U.S. Jan. 8, 2016), the Court vacated its recommendation and directed Respondent to file a response to the petition. (Doc. no. 6.) Respondent filed a motion to dismiss, arguing the Court does not have jurisdiction over the petition, and even if jurisdiction did exist, Petitioner's claims fail on the merits under Eleventh Circuit case law. (Doc. no. 12.) Petitioner responded with a brief relying on Second Circuit precedent and Eleventh Circuit dicta. (See generally doc. no. 14.) In the meantime, the Supreme Court ruled in Welch that Johnson is a substantive decision retroactive in cases on collateral review. Welch, -S. Ct.-, No. 15-6418, 2016 WL 1551144, at *8 (U.S. Apr. 18, 2016).

## II.   DISCUSSION

"Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005); see also Jones v. Warden, FCC Coleman-Medium, 520 F. App'x 942, 944 (11th Cir. 2013). A federal prisoner may only resort to § 2241 to challenge the validity of his conviction or sentence in very limited circumstances upon a showing that "the remedy by [§ 2255] motion is

3

inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Those tightly circumscribed situations in which a petitioner may proceed under § 2241 are delineated in the "savings clause" of § 2255(e), which, if met, open a portal to § 2241 relief. See Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003).

The petitioner has the burden of establishing he is entitled to proceed under the savings clause, and the savings clause is a "threshold jurisdictional issue that must be decided before delving into the merits of the petitioner's claim and the applicable defenses." Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1262 (11th Cir. 2013); see also Harris v. Warden, 801 F.3d 1321, 1323 (11th Cir. 2015); Zelaya v. Sec'y, Fla. Dep't of Corr., 798 F.3d 1360, 1370 (11th Cir. 2015). A § 2255 motion is not "inadequate or ineffective" because a petitioner cannot comply with procedural restrictions, for example, the statute of limitations or successiveness bar. Gilbert v. United States, 640 F.3d 1293, 1308 (11th Cir. 2011) (*en banc*). Rather, "[w]hat makes the § 2255 proceeding 'inadequate or ineffective' for [a petitioner] is that he had no 'genuine opportunity' to raise his claim in the context of a § 2255 motion." Zelaya, 798 F.3d at 1370.

Thus, the successiveness bar in § 2255(h) does not itself render a § 2255 motion inadequate or ineffective.[1] Gilbert, 640 F.3d at 1308. The savings clause only applies where

---

[1] 28 U.S.C. § 2255(h) provides:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the

4

a petitioner is categorically prevented from ever proceeding with a successive § 2255(h) motion, such as when a second or successive claim is based on a new rule of statutory construction rather than on new evidence or a new rule of constitutional law. See, e.g., Bryant, 738 F.3d at 1377-78 (discussing retroactivity requirements in context of deciding whether § 2255 is inadequate or ineffective); see also In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998) (explaining a new claim cannot be raised under § 2241 unless it is based on "a change that eludes permission in section 2255 for successive motions").

Because § 2255 provides an adequate and effective remedy, the savings clause does not apply to Petitioner's claim based on Johnson that the career offender Guidelines language is unconstitutionally vague because it mirrors the ACCA residual clause invalidated by the Supreme Court. That is, Petitioner is not categorically prevented from raising his Johnson claim in a request to file a second or successive § 2255 motion with the Second Circuit Court of Appeals because the Supreme Court has now made clear that Johnson applies retroactively. Welch, 2016 WL 1551144, at *8. Therefore, if Petitioner wants to raise a Johnson claim, he should timely file a request with the Second Circuit (the Circuit in which he was convicted) to authorize a second or successive § 2255 motion.

As the Court explained in its first Report and Recommendation entered in this case, even before the Supreme Court decided Welch, the Second Circuit had authorized successive § 2255 motions based on the Johnson decision. In re Rivera, No. 13-4654, ECF No. 44 (2d

---

offense, or

(2)   a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

5

Cir. Oct. 5, 2015) (granting application to file successive § 2255 motion, resulting in next-day relief granted upon transmission to district court). Regardless of whether the Second Circuit actually grants permission for Petitioner to file a second or successive § 2255 motion, there is an available avenue to pursue a Johnson claim, and he therefore cannot pursue relief in this Court under § 2241. Harris, 801 F.3d at 1324-25 ("Regardless of whether the [Circuit from which permission is sought] will actually certify a successive motion based upon the above facts and legal theories, § 2255 is adequate to test the legality of [the petitioner's] sentence. Accordingly, § 2255(e)'s savings clause does not apply.").[2]

Likewise, the savings clause does not apply to Petitioner's other claim that the two convictions used to support his career offender status under the Guidelines should have been treated as a single conviction. "[T]he savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum." Gilbert, 640 F.3d at 1323. The maximum statutory penalty for the crime to which Petitioner pleaded guilty, one count of conspiracy to distribute

---

[2] Even if the Court had jurisdiction to entertain this claim, in the Eleventh Circuit, Johnson does not apply to career offender enhancements under the Guidelines. United States v. Matchett, 802 F.3d 1185, 1194 (11th Cir. 2015). In contrast, the Second Circuit has applied Johnson and granted relief when considering challenges to a sentence imposed under the "residual clause" of the career offender provision of the Guidelines. United States v. Maldonado, -F. App'x-, No. 12-3487-cr, 2016 WL 229833, at *2-3 (2d Cir. 2016). Petitioner's court of conviction, the District of Connecticut, has done the same, even prior to the Second Circuit's decision after remand in Maldonado. See Petrillo v. United States, -F. Supp.3d-, No. 3:08-cv-1204 (JBA), 2015 WL 7574744, at *7 (D. Conn. Nov. 25, 2015).

1,000 kilograms or more of marijuana, is life imprisonment.  PSI ¶ 299 (citing 21 U.S.C. § 841(b)(1)(A)).  Judge Chatigny sentenced Petitioner to 262 months.  CR 399-266, doc. no. 822.  Therefore, as to the claim concerning grouping Petitioner's offenses, the Court lacks jurisdiction to consider it.

### III. CONCLUSION

Because Petitioner has not met his burden to show the savings clause applies to allow him to proceed with a § 2241 petition, the Court does not have jurisdiction to consider his claims.  Accordingly, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**, (doc. no. 12), and this case be **DISMISSED** and **CLOSED**.

SO REPORTED and RECOMMENDED this 25th day of April, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA